## Commonwealth v. Johns

*Richard W. Webb, District Attorney,* for Commonwealth.
*Charles J. Bufalino, Jr.,* for respondent.

LAVELLE, *P.J.*, February 22, 1979—In what appears to be a case of first impression in this Commonwealth, the district attorney has petitioned the court for an order requiring respondent to

give voice identification exemplars where there has as yet been no arrest and where, admittedly, probable cause does not exist for the issuance of an arrest warrant.

The within petition arises from two incidents which occurred on August 6, 1978, and on November 8, 1978, at the Pocono Hershey Resort in Kidder Township, Carbon County, Pa.* On those occasions two women guests at the resort were raped in the early hours of the morning and in each case the assailant gained entrance to the room through a sliding glass door opening onto a balcony. Neither victim was able to visually identify her assailant because the offenses were committed in total darkness; however, in both cases the assailant spoke to his victim and the victim subsequently advised police that she thought his voice was sufficiently distinctive that she would be able to identify it if she heard it again.

At the time of both occurrences, a light green car was observed at the premises. During the early morning hours of November 25, 1978, a security guard observed the same vehicle parked at the resort, and his suspicions aroused, he recorded the vehicle's license number. He noted at that time that the vehicle was unoccupied. Shortly thereafter, an off-duty Philadelphia policeman, who was staying at the resort, reported an individual attempting to enter a room by means of the sliding glass door. A security guard was dispatched, but the suspect had fled by the time he arrived. The guard also determined that the light green car had also departed from the premises. The vehicle was stopped shortly

---

*At the time of hearing, counsel agreed that, for purposes of ruling on the petition, the facts set forth in the petition were accurate and correct.

thereafter within a mile or two of the resort, and it was found to be registered in the name of respondent. Respondent was subsequently identified by the off-duty policeman as the individual he observed attempting to enter the room. Allegedly respondent has two previous convictions for sexual offenses of an unspecified nature.

## DISCUSSION

Our research has discovered no Pennsylvania case in which voice exemplars or, for that matter, any other pre-trial discovery procedures have been ordered prior to arrest and absent probable cause for an arrest. The Commonwealth concedes that no provision is made for such exemplars in the Pennsylvania Rules of Criminal Procedure nor is there any statutory provision for same, although a number of other states have adopted statutes authorizing orders for appearance for identification based on less than probable cause. In addition, section 170.2(6) of the 1975 draft of the American Law Institute's Model Code of Pre-Arraignment Procedure advocates the use of such procedures where certain facts are shown to exist, among which are reasonable grounds to suspect that the subject of the order committed a serious offense and the results of the identification procedure sought will be a material aid in determining the identity of the offender and such evidence cannot otherwise be obtained.

Respondent, in resisting the within petition, invokes his Fourth and Fifth Amendment Rights against unreasonable searches and seizures and self-incrimination respectively, and additionally asserts that this court is without jurisdiction to entertain such a petition in that no provision for such

an order is afforded in the Rules of Criminal Procedure.

We have no difficulty in rejecting the constitutional arguments advanced by respondent. Following the United States Supreme Court decisions in United States v. Dionisio, 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed. 2d 67 (1973), and United States v. Mara, 410 U.S. 19, 93 S.Ct. 774, 35 L.Ed. 2d 99 (1973), it is now well established that compelling an individual to furnish a voice exemplar (1) does not violate the Fifth Amendment privilege against self-incrimination since such an exemplar is used solely to measure the physical properties of the witness' voice and not for the testimonial or communicative content of what is said during such exemplar and (2) does not violate the Fourth Amendment guarantee against unreasonable searches and seizures, since it merely requires production of a physical characteristic which is constantly exposed to the public in any event. Subsequent Federal decisions have grafted on to the Dionisio and Mara doctrine a requirement that the prosecutor make a preliminary showing, by affidavit, that the exemplar sought is relevant and necessary to the pending investigation: In re Grand Jury Proceedings (Schofield), 486 F. 2d 85 (3d Cir. 1973). In the cases cited, the courts sustained the propriety of compelling exemplars in appropriate circumstances.

It is noteworthy, however, that these decisions, as well as virtually all of the reported decisions in which such exemplars or other pre-arrest discovery has been ordered, involved investigating grand juries over which the courts have general and broad supervisory jurisdiction. Moreover, a grand jury has broad investigative powers to determine whether a crime has been committed and who has

committed it, and the examination of witnesses before such a grand jury need not be preceded by an indictment formally preferred, since the very object of the examination is to ascertain who shall be indicted. See United States v. Dionisio, 410 U.S. at 15, 16, 35 L.Ed. 2d at 80 (1973).

While there appear to be no constitutional obstacles to the relief sought by the Commonwealth, it is evident that there is a conspicuous absence of a jurisdictional basis to support the relief sought, and it is this objection which is fatal to the Commonwealth's petition. We are not here concerned with a grand jury proceeding and we have no inherent power to grant discovery or enforce administrative subpoenas. Any relief which may be granted must be founded either upon statute or the Rules of Criminal Procedure. Our research has found no such provision, nor has any been advanced by the Commonwealth in either its petition or its brief in support thereof.

The Commonwealth relies principally upon Wise v. Murphy, 275 A. 2d 205 (D.C. Ct. App. 1971), in which the District of Columbia Court of Appeals held that the District of Columbia Court of General Sessions, sitting as a magistrate, had judicial power to issue process, short of commanding formal arrest, requiring a person identified from photographs as the possible perpetrator of a rape to participate in a lineup. However, that court, as a court established by Act of Congress, has "All Writs" power pursuant to the provisions of the Act of June 25, 1948, 62 Stat. 944, as amended, 28 U.S.C.A. §1651(a). Additionally, the court had a statutory power to issue different types of remedies to effectuate jurisdiction against persons accused of crime committed within the District of Columbia

pursuant to expressed provisions of the District of Columbia Code of 1967, §11-981.

The Commonwealth also relies upon Biehunik v. Felicetta, 441 F. 2d 228 (2d Cir. 1971), cert. den. 403 U.S. 932, as additional support for the relief sought. A reading of that case, however, is not helpful to the Commonwealth in resolving the question raised herein. Biehunik involved an administrative order by a police commissioner ordering 62 police officers, upon pain of dismissal from the police force, to appear in a lineup for possible identification by civilians who allegedly had been assaulted by certain patrolmen. The individual police officers were chosen merely because they were on duty in the vicinity of the alleged assaults and admittedly there was no probable cause to believe that they had been guilty of committing the assaults. The U.S. Court of Appeals for the Second Circuit affirmed the commissioner's order compelling the lineup, holding that although the lineup procedure might constitute a seizure within the context of the Fourth Amendment, nonetheless the public interest of maintaining an honest and law abiding police force was an overriding consideration above the relatively minor intrusion upon the personal liberty of the police officers involved. The court points out however, that the decision was reached not in the criminal context, since no criminal prosecution was pending, but rather in the context of an administrative disciplinary enforcement within the police department itself. The court expressly reserved the question of the propriety of enjoining a similar lineup conducted exclusively with criminal prosecution in mind: 441 F. 2d at 231. The decision, therefore, does not support the Commonwealth's petition.

This court does not question that the availability of pre-arrest identification procedures would be an invaluable law enforcement tool and could well be conducted in such a manner as to be consistent with existing constitutional safeguards under the Fourth and Fifth Amendments. However, until such time as the legislature sees fit to confer upon the courts of this Commonwealth jurisdiction to afford such relief, we are presently without the power to do so.

For the foregoing reasons, we reluctantly enter the following

## ORDER

And now, February 22, 1979, upon consideration of the within petition, it is hereby ordered and decreed that the within petition be, and the same hereby is, denied.

